AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jul 6, 2023
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fort Smith Division

| | |
|---|---|
| INFORMATION PRODUCED BY Cellco Partnership dba: Verizon Wireless regarding cellular number 4792081631 | ) ) ) ) Case No. 2:23-cm-00033 ) ) ) ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):* ): **SEE ATTACHMENT "A" This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* **See "Attachment B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

- ■ evidence of a crime;
- ■ contraband, fruits of crime, or other items illegally possessed;
- ■ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 641 | Theft of Government Fund |
| 18 U.S.C. § 1001(a)(1) | Concealment of Material Facts |
| 18 U.S.C. § 1001(a)(2) | False Statements |

The application is based on these facts: **See Affidavit of VA OIG SA Mickey Shuetzle**

- ■ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Mickey Schuetzle, VA OIG Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/6/23

*Judge's signature*

City and state: Fort Smith, Arkansas

Mark E. Ford, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A SEARCH WARRANT

I, Special Agent (SA)Mickey Schuetzle, being first duly sworn, state the following is true based upon my personal knowledge, investigation, and belief:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant to review, search, and, seize certain information produced by Cellco Partnership dba Verizon Wireless associated with call number 4792081631, with International Mobile Subscriber Identity 352516404601410 ("the SUBJECT PHONE") pursuant to a previous search warrant. On May 31, 2023, Federal Magistrate Honorable Mark Ford approved a search warrant[1] for the information outlined in this search warrant application. Verizon provided the information past the fourteen-day deadline listed in the original search warrant. Pursuant to the language set forth in *United States v. Nyah*, 928 F.3d 694 (8th Cir. 2019), your affiant request that the Court issue this proposed search warrant allowing the OIG to search the information identified herein, namely the production from Verizon of records pertaining to phone number 4792081631. Said information is now in the custody of the OIG. The probable cause supporting the search of the material produced by Verizon remains the same as when the warrant was issued to Verizon.

2. Affiant has been a Special Agent with the Department of Veterans Affairs Office of Inspector General (VA-OIG) since July 2021, after having served for over nine years as a Postal Inspector for the United States Postal Inspection Service. Affiant is assigned to work cases involving violations of Title 18, United States Code, Section 641 Theft

---

[1] This previous search warrant is filed with the case number 5:23CM00024. The previous search warrant and supporting documents are incorporated by reference as if set out word for word herein.

of Government Funds, Title 18 U.S.C. § 1001(a)(1) Concealment of Material Facts, and 18 U.S.C. § 1001(a)(2) False Statements among others, which are associated with fraud perpetrated against the VA.

3. Prior to being employed by VA OIG, The Affiant was employed as a Postal Inspector with the United States Postal Inspection Service from 2012 to July 2021. the Affiant has completed the Basic Inspector Training in Potomac, Maryland at the United States Postal Inspection Service Academy. The Affiant is personally familiar with the facts and circumstances surrounding this investigation, both from his own investigative activities and from information obtained from other law enforcement agencies.

4. Based on information set forth in this Affidavit in support of the search warrant, Affiant has probable cause to believe that sometime starting in or about March 2020 through April 17, 2023, in the Western District of Arkansas, Fort Division and elsewhere, Michael SANDERS violated Title 18, United States Code, Section 641 Theft of Government Funds, Title 18 U.S.C. § 1001(a)(1) Concealment of Material Facts, and 18 U.S.C. § 1001(a)(2) False Statements.

## PROBABLE CAUSE

5. In April 2022, VA-OIG obtained information from a proactive investigation relating to individual benefit (IU) fraud benefits suspected by Michael SANDERS. A query of the Arkansas Secretary of State website shows SANDERS as the registered agent of corporation Sanders Transport, LLC. The address listed for Sanders Transport, LLC., on the Arkansas Secretary of State website is 4500 Baugh Road, Alma, AR 72921. The file date for Sanders Transport, LLC was March 20, 2020,

6. On August 11, 2022, a check of Veteran Benefit Management System revealed Michael SANDERS reported to the Veterans Affairs his address as 4500 Baugh Road, Alma, AR

72921. SANDERS listed his telephone number as 479-208-1631. VA records reveal SANDERS was entitled to Individual Unemployability (IU) effective July 18, 2018.

7. VA-OIG checked with Social Security Administration-Office of the Inspector General (SSA-OIG) and determined SANDERS applied for SSA Title II disability insurance benefits on February 20, 2018, based on alleged impairments of PTSD, major depressive disorder, chronic right knee pain, chronic left and right ankle pain, traumatic brain injury, chronic back pain, anxiety, and short-term and long-term memory loss. During the application phase, SANDERS reported to SSA he had stopped working. SANDERS was subsequently approved for the disability benefits in June 2019. Upon approval, SANDERS'S wife Janene Sanders became his representative payee.

8. On April 14, 2020, Michael SANDERS completed and signed US Department of Transportation FORM MCS-150 *Biennial Update or Change Form*. SANDERS listed the principal place of business as 4500 Baugh Road, Alma, AR 72921 and his telephone number is 479-208-1631. In Section 30 of this form, SANDERS listed himself as the owner of the business.

9. On April 14, 2020, Michael SANDERS completed and signed US Department of Transportation FORM MCSA-5889 *Motor Carrier Records Change Form*. Sanders requested his business name be changed to Sanders Transport LLC. The previous name of the business is unknown at this time.

10. On June 4, 2020, SANDERS and his wife, Janene Sanders created a business account for Sanders Transport, LLC with United Federal Credit Union. On account-opening documents, both SANDERS and Janene Sanders are listed as owners of Sanders Transport, LLC. The nature of the business is described as "Transportation Equip Wholesaler". Under a supporting document, titled, "Certification of Beneficial Owners of Legal Entities", both SANDERS and Janene Sanders are listed as "Beneficial

Owners", showing they are individuals who own 25% or more of the equity interests of Sanders Transport, LLC. An analysis of records shows multiple checks were made payable to Sanders Transport, LLC. from various entities that were being deposited into the account. The checks were endorsed by Janene Sanders and by a signature bearing a likeness to SANDERS' unique signature. On the account-opening documents, SANDERS listed his contact phone number as 479-208-1631. The analysis of the financial records covered from June 2021 through February 2022 revealed consistent work-related evidence through the time.

11. On May 17, 2021, Arkansas Highway Police conducted a Driver Vehicle Examination Report on Michael SANDERS. The examination occurred at Interstate 40 Westbound at mile marker 9. SANDERS'S vehicle was a 2019 Dodge Truck bearing Vehicle Identification Number (VIN) 3C6UR5FLKXG619653.

12. On January 26, 2022, Arkansas Highway Police Arkansas Highway Police conducted a Driver Vehicle Examination Report on Michael SANDERS. The examination occurred at Interstate 40 Westbound at mile marker 9. SANDERS'S vehicle was a 2019 Dodge Truck bearing VIN 3CGUR5FLXKG619653.

13. On July 26, 2022, SSA-OIG received Form SSA-827 signed by Michael SANDERS. This form is authorization to disclose information to the Social Security Administration to obtain medical and other information needed to determine whether a claimant is disabled. On this form SANDERS provided telephone number 479-208-1631.

14. On or about July 26, 2022, the SSA received a Continuing Disability Review (CDR) report and a Function Report from Michael SANDERS' wife, Janene Sanders, who also served as SANDERS' SSA Representative Payee (RP). These forms were sent to

SANDERS pursuant to a review process conducted by the SSA to determine SANDERS' continuing eligibility.

15. On August 11, 2022, SA Schuetzle checked VIN 3CGUR5FLXKG619653 in National Crime Information Center (NCIC) and determine this VIN belongs to Michael SANDERS, 4500 Baugh Road, Alma, AR 72921. This VIN returns to a 2019 Dodge Ram bearing license plate Cl01313, a commercial license plate issued by the State of Arkansas.

16. On the CDR Report, Janene Sanders claimed that SANDERS has not worked since his date of disability determination on June 14, 2019. When asked what activities SANDERS did in a typical day, Janene Sanders responded, "Usually gets up around 10 am due to lack of sleep, eats breakfast, watches tv for a bit, gets dressed, goes outside for a few minutes, watches tv, takes a nap, gets up walks around for a few times, eats when hungry, showers in the evenings." Janene Sanders further reported SANDERS had no hobbies or interests. When asked to mark which activities SANDERS had difficulty doing, Janene Sanders marked dressing, bathing, taking medicines, doing chores, driving or using public transportation, shopping, managing money, walking, standing, lifting objects, sitting, seeing/hearing/speaking, concentrating, remembering, understanding or following directions, completing tasks, and getting along with people.

17. On the Function Report, when asked what SANDERS was able to do before his conditions that he cannot do now, Janene Sanders reported, "Everything." She further reported SANDERS needed reminders to take medication and that simply

making a sandwich took SANDERS a little longer than normal. Janene Sanders further reported that SANDERS only drove "occasionally." When asked about shopping, the report reflected Janene Sanders did the shopping and that SANDERS was not able to pay bills, handle a savings account, or use a checkbook/money orders. When asked to list places SANDERS went on a regular basis, Janene Sanders listed, "None," and that SANDERS did not like to be around a lot of people. When asked to mark activities SANDERS conditions affected, Janene Sanders marked: lifting, walking, stair climbing, squatting, sitting, following instructions, bending, kneeling, memory, standing, completing tasks, hearing, and concentration. Janene Sanders further claimed SANDERS must stop and rest from walking after a few minutes and that he could only pay attention for a short period of time. Janene Sanders also reported SANDERS did not typically finish what he started and that he could not follow spoken instructions. When asked about using assistive devices, Janene Sanders reported SANDERS used a brace/splint, cane, and hearing aid.

18. On or about May 31, 2023, a federal search warrant described above was obtained and executed on Verizon, directing said entity to turn over to the Government certain information outlined in Attachment B included therein. On June 26, 2023, said information was provided by Verizon to your affiant. As such, there exists probable cause to allow law enforcement to view and search the information produced by Verizon.

## CONCLUSION

19. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. § 641, Theft of Government Funds, Title 18 U.S.C. § 1001(a)(1), Concealment of Material Facts, and Title 18 U.S.C. § 1001(a)(2), False Statements have been committed by Michael Sanders. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes as further described in Attachment B.

20. Based on the foregoing, Affiant respectfully request that the Court issue this proposed search warrant, as it is believed that the information sought (location data) will show evidence of the work activity of Michael SANDERS.

21. The Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is "a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

Mickey Schuetzle
Special Agent
VA Office of Inspector General

Sworn and subscribed before me __6th__ day of July 2023

*Mark E. Ford*

Mark E. Ford
United States Magistrate Judge

## ATTACHMENT A

### Property to be Searched

This warrant applies to records associated with the cellular telephone assigned call number **(479)208-1631,** that were produced by Cellco Partnership dba: Verizon Wireless ("the Provider"), pursuant to a lawful search warrant.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information sought from Verizon (the "Provider") pursuant to a previous warrant, and the return of such to be searched**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

**FOR THE FOLLOWING PROPERTY:**

All records associated with mobile number **(479)208-1631**. The following is a list of the IMEi numbers and dates associated with each.

| | |
|---|---|
| 355671100787711 | July 5, 2019 through October 16, 2020 |
| 352885871599831 | October 16, 2020, through April 13, 2022 |
| 352516404601410 | April 13, 2022, through May 19, 2023 |

a. The following information about the customers or subscribers associated with the ACCOUNT

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

    v.      Length of service (including start date) and types of service utilized; \

    vi.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEi");

    vii.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

    viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records [. OR; and]

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the SUBJECT ACCOUNT, including:

    1.    the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

    2.    information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received [as well as per-call measurement data (also known as "real-time tool" or "RTT")].]

c. IP data session reports, including MCC/MNC, LAC, CELLIO, CGI, eNodeB, and any other cellsite and sector identifiers

d. All records pertaining to communications between the Provider and any person regarding the account or identifiers, including contacts with support services and records of actions taken

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of Title 18 U.S.C. § 641, Theft of Government Funds, Title 18 U.S.C. § 1001(a)(1), Concealment of Material Facts, and Title 18 U.S.C. § 1001(a)(2), False Statements involving Michael Sanders or unidentified subject(s) during the period July 5, 2019, through May 19, 2023, including but not limited to, for the account and identifiers listed on Attachment A, information pertaining to the following matters:

a. Evidence of the location of the Device, including but not limited to: cell tower and sectors used for communications, Google location history, map history, latitude and longitude measurements, and GPS measurements

As used above, the term "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory r other media that can store data) and any photographic form.